JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MCS Industries, Inc.

**DEFENDANTS**
Aldi, Inc.

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Kane
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gavin P. Lentz, Esq., Bochetto & Lentz, P.C., 1524 Locust Street, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. section 285 et seq.
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 7/31/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2280 Newlins Mill Road, Easton, Pennsylvania 18045__

Address of Defendant: __1200 N. Kirk Road, Batavia, Illinois 60510__

Place of Accident, Incident or Transaction: __Eastern District of Pennsylvania__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☑

Does this case involve multidistrict litigation possibilities?        Yes☑  No☐

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?        Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) __Patent Infringement__

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, __Gavin P. Lentz, Esquire__, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: __7/31/17__     _____     __53609__
                      Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/31/17__     _____     __53609__
                      Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _2280 Newlins Mill Road, Easton, Pennsylvania 18045_

Address of Defendant: _1200 N. Kirk Road, Batavia, Illinois 60510_

Place of Accident, Incident or Transaction: _Eastern District of Pennsylvania_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No✔

Does this case involve multidistrict litigation possibilities?    Yes✔  No☐
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No✔
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No✔
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No✔
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No✔

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
(Please specify) _Patent Infringement_

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)
I, _Gavin P. Lentz, Esquire_, counsel of record do hereby certify:
✔ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
✔ Relief other than monetary damages is sought.

DATE: _7/31/17_    _[signature]_    _53609_
Attorney-at-Law    Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/31/17_    _[signature]_    _53609_
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MCS Industries, Inc. | : | CIVIL ACTION |
| v. | : | |
| Aldi, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| | | |
|---|---|---|
| 7/31/17 | Gavin P. Lentz, Esq. | [signature] |
| Date | Attorney-at-law | Attorney for Plaintiffs |
| (215) 735-3900 | (215) 735-2455 | glentz@bochettoandlentz.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCS INDUSTRIES, INC.,**<br>2280 Newlins Mill Road<br>Easton, Pennsylvania 18045<br><br>                **PLAINTIFF,**<br><br>V.<br><br>**ALDI, INC.,**<br>1200 N. Kirk Road<br>Batavia, Illinois 60510<br><br>                **DEFENDANT.** | CIVIL ACTION NO. _____<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>CIVIL ACTION - COMPLAINT</u>

Plaintiff, MCS Industries, Inc. ("MCS"), by and through its counsel, hereby files this Complaint for patent infringement against Defendant, ALDI, Inc. ("ALDI").

### I.   <u>PARTIES</u>

1.   Plaintiff, MCS Industries, Inc. ("MCS"), is a corporation existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 2280 Newlins Mill Road, Easton, Pennsylvania 18045.

2.   Defendant, ALDI, Inc. ("ALDI") is a corporation which, owns and operates retail stores, conducts sales activities and otherwise does business in this judicial district. Upon information and belief, Defendant ALDI is a corporation established and existing under the laws of Illinois, with its principal place of business located at 1200 N Kirk Road, Batavia, IL 60510.

## II. JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, specifically Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this is a civil action relating to patents.

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because:

   a. ALDI has a regular and established place of business in this judicial district, at least due to the presence of its store located 4034 Jandy Blvd., Nazareth, PA 18064; and

   b. ALDI has committed multiple acts of infringement in this judicial district by selling and offering for sale Infringing Product (as defined in Paragraph 13 of this Complaint), as evidenced by Exhibit A. (*See* by way of example a true and correct copy of a receipt evidencing a purchase of Infringing Product from ALDI's store located 4034 Jandy Blvd., Nazareth PA 18064 attached hereto as **Exhibit "A."**)

6. This Court has personal jurisdiction over ALDI because ALDI has transacted business and otherwise conducted sales activities in this district, has a regular and established place of business in this district, and has committed, contributed to, and induced acts of patent infringement in this district.

## III. FACTS COMMON TO ALL COUNTS

7. MCS owns a portfolio of patents covering over-the-door mirrors and over-the-door hanging apparatus, including United States Patent No. 8,534,627, United States Patent No. 8,746,644, and United States Patent No. 9,480,350 (collectively, the "Patents-in-Suit").

8. On September 17, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,534,627 (the "'627 Patent"), entitled "Over-the-Door Hanging Apparatus." (*See* a copy of the '627 Patent attached hereto as **Exhibit "B."**)

9. On June 10, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,746,644 (the "'644 Patent"), entitled "Over-the-Door Hanging Apparatus." (*See* a copy of the '644 Patent attached hereto as **Exhibit "C."**)

10. On November 1, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,480,350 (the "'350 Patent"), entitled "Over-the-Door Hanging Apparatus." (*See* a copy of the '350 Patent attached hereto as **Exhibit "D."**)

11. MCS owns all right, title, and interest in and to the Patents-in-Suit.

## MCS Licensing of the Patents-in-Suit

12. MCS is in the business of designing, developing, licensing, manufacturing, and selling frames and other hanging products, including an over-the-door mirror that embodies the inventions claimed in the Patents-in-Suit.

13. MCS considers its over-the-door mirror a signature product and has invested substantial resources in developing said over-the-door mirror and protecting the same.

14. By way of example, MCS licenses the Patents-in-Suit to Walmart and Home Depot.

15. By way of example, one of MCS's authorized sellers is Walmart, which sells MCS's licensed over-the-door mirror, for approximately $15.

3

## ALDI's Patent Infringement

16. ALDI is a retailer whose business includes selling, offering for sale, and/or importing into Pennsylvania a variety of consumer products, specifically including within this judicial district, and elsewhere within the United States.

17. According to ALDI's store locator, ALDI has 1,674 retail stores throughout the United States. (*See* ALDI online store locator attached hereto as **Exhibit "E."**)

18. In a weekly advertisement dated "July 12 – 18," ALDI advertised a "Huntingdon Home Over-the-Door Mirror" for $7.99 as a "Buyer's Pick" in the section titled "Dorm Room Essentials." (*See* ALDI advertisement attached hereto as **Exhibit "F,"** at pg. 3.) This marketing campaign is especially harmful because the primary sales season for the over the door mirror is the 'back to school' buying period which runs from July 1 through Labor Day.

19. Upon information and belief, the advertised deal was available in most, if not all, of ALDI's 1,674 retail locations.

20. Upon information and belief, ALDI intentionally copied the patented product and then offered it at a drastically reduce price during the back to school season in order to drive traffic to its stores to generate profits at the Plaintiff's expense.

21. Between July 12 and July 18, ALDI sold the Huntington Home® Over-the-Door Mirror product, Item No. 47808, (hereinafter the "Infringing Product") for $7.99 in at least four colors. (*See* pictures of the Infringing Product attached hereto as **Exhibit "G."**)

22. The Infringing Product was available for sale in ALDI's retail location at 4034 Jandy Blvd., Nazareth PA 18064. *See* Ex. A, Ex. G.

23. Upon information and belief, ALDI continues to sell the Infringing Product at its retail locations.

4

24. As evidenced by the attached claims chart, ALDI's Infringing Product is virtually identical to the Patents-in-Suit. (*See* a true and correct copy of the Claim Charts attached hereto as **Exhibit "H."**)

25. In fact, upon information and belief, the Infringing Product was manufactured using the illustrations in MCS' Patents-in-Suit as the infringing product being sold by ALDI matches those specifications.

26. By way of example, the reproduction of the "coke bottle" shape of the mounting plate, together with its two rectangular holes for the bracket assembly and screw holes on alternating sides, is an **exact copy** of the design in the Patents-in-Suit. *Compare* Ex. B, Ex. H.

27. Accordingly, upon information and belief, the Infringing Product is a willful and deliberate copy of the Patents-in-Suit.

28. Upon information and belief, ALDI knowingly, willfully, recklessly, and/or deliberately infringed and/or contributed to the infringement of MCS' patent.

29. Upon information and belief, ALDI knowingly, willfully, recklessly, and/or deliberately failed to conduct adequate due diligence to determine whether the Infringing Product infringes on any existing patents, namely patents owned by MCS, before manufacturing, purchasing, and/or selling the product.

30. Upon information and belief, ALDI knowingly, willfully, recklessly, and/or deliberately failed to conduct adequate due diligence to determine whether its supplier had a license to manufacture and distribute the Infringing Product before ALDI purchased and/or sold the product.

## IV.   DAMAGES AND REQUEST FOR PERMANENT INJUNCTION

31.   ALDI's sale of the Infringing Product constitutes literal infringement of one or more claims of the Patents-in-Suit has and will continue to damage Plaintiffs.

32.   MCS seeks an award of damages to compensate it for ALDI's infringement.

33.   MCS further seeks to permanently enjoin ALDI from infringing the Patents-in-Suit as MCS is suffering irreparable harm, including but not limited to, harm caused to its reputation and to the value of its patents because MCS's properly licensed sellers have vigorously complained about the price erosion being caused ALDI's unlawful sales.

34.   ALDI's sales of the Infringing Product at drastically discounted prices are damaging the market and MCS's ability to commercialize the inventions of the Patent-in-Suit, including eroding the market and price for the inventions claimed in the Patents-in-Suit.

35.   Accordingly, if ALDI is not permanently enjoined, MCS will suffer irreparable harm in the form of lost market share, permanent price erosion, goodwill, harms and losses for which there is no adequate remedy at law.

### ALDI has Eroded the Market Price for MCS' Inventions

36.   By way of example only, Walmart, which has a license to retail a mirror based on the Patents-in-Suit, retails the mirror for approximately $15.

37.   ALDI offered the Infringing Product for $7.99, for almost half of what Walmart and other authorized sellers charge. This is causing immediate and irreparable harm to MCS requiring an injunction to be entered, precluding ALDI from further selling or marketing the infringing products at issue.

38. Upon information and belief, ALDI sold thousands of units of the Infringing Product through their nationwide retail distribution network since July 12, 2017, at a price of $7.99.

39. As a result, Walmart and other licensees of the Patents-in-Suit have contacted MCS demanding to know why ALDI was able to sell the product at or near the item's manufacturing cost, as such sales are causing injury to both MCS and its licensed sellers.

40. Additionally, in response to the $7.99 price point, other licensees have sought to sell the mirror for a price that matches ALDI's, thus eroding the value of a license under the MCs patents.

41. ALDI's sale of the Infringing Product, for a price that is at or near the item's manufacturing cost, has and continues to erode the market price for MCS' Patents-in-Suit.

42. Further, upon information and belief, ALDI's marketing and sale of the Infringing Product for $7.99, has and continues to dissuade consumers from purchasing the product from lawful licensees for approximately $15.

### MCS Will Suffer Immediate and Irreparable Harm if ALDI is not Enjoined

43. The over-the-door mirror is a "back-to-school" item that is heavily marketed during the late summer / early fall retail season to individuals going away to college and decorating their dorm rooms.

44. As a result, approximately 50% of the mirror's annual sales occur between July and September.

45. ALDI's marketing the Infringing Product in the "Dorm Room Essentials" section of their advertisement supports the notion that the item is associated with back-to-school season.

46. ALDI's infringing sale of the mirror during the back-to-school season, at a significantly discounted price, has and continues to result in lost sales for MCS' lawful licensees.

47. These lost sales have resulted in disputes between MCS and its lawful licensees, which has and continues to deteriorate the goodwill developed by MCS in the market and with its licensees.

48. Moreover, because the back-to-school season ends in August / September, ALDI must be enjoined immediately.

### ADLI's Infringement is Egregious

49. The Infringing Product is almost an identical copy of the Patents-in-Suit.

50. As set forth above, upon information and belief, ALDI and/or its suppliers created the product directly from MCS' Patents-in-Suit.

51. MCS intends to seek discovery on the issue of willfulness and reserves all of its rights to seek a finding of willfulness regarding ALDI's acts of infringement prior to the filing of this Complaint with respect to the Patents-in-Suit and/or post-suit acts of infringement with respect to the Patents-in-Suit.

52. MCS seeks that this Court grant: (1) enhanced damages up to treble the amount found or assessed; (2) declare this case "exceptional" and award Plaintiffs their reasonable attorneys' fees; and (3) grant MCS such other relief as is just and proper.

### COUNT I

### DIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT

53. Plaintiff hereby incorporates by reference all of the paragraphs of this Complaint as though fully set forth herein at length.

54. Through its sale, offer for sale, use, and/or importation of the Infringing Product in Pennsylvania, including within this judicial district, and elsewhere within the United States,

8

ALDI has directly infringed the Patents-in-Suit under 35 U.S.C. § 271(a) and will continue to do so unless enjoined by this Court.

55. The Infringing Product embodies the inventions set forth in one or more claim of each of the Patents-in-Suit, including without limitation, as set forth in the attached claim charts. *See* Ex. H.

56. As a result of the aforesaid acts, ALDI has damaged, and is continuing to damage, MCS.

57. Upon information and belief, as set forth more fully above, ALDI is deliberately and willfully infringing the Patents-in-Suit with full knowledge of the Patents-in-Suit, rendering this case "exceptional" under 35 U.S.C. § 285.

58. MCS has suffered monetary damages as a result of the infringing actions of ALDI with respect to the Patents-in-Suit.

59. As set forth more fully above, MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

60. Upon information and belief, ALDI will continue to infringe the Patents-in-Suit unless enjoined by the Court.

## COUNT II
### INDUCED INFRINGEMENT OF THE PATENTS-IN-SUIT

61. Plaintiff hereby incorporates by reference all of the paragraphs of this Complaint as though fully set forth herein at length.

62. ALDI has induced and continues to induce the direct infringement of the Patent-in-Suit by its customers and suppliers by, among other activities: (1) advising, encouraging, and intending for its customers to assemble and use the Infringing Product, which infringes the

9

Patents-in-Suit; and (2) advising, encouraging, and intending for its suppliers to import the Infringing Product into the United States, which infringes the Patents-in-Suit.

63. By engaging in and continuing to engage in the aforesaid acts, ALDI has the specific intent to induce the infringement of the Patents-in-Suit and is therefore liable under 35 U.S.C. §271(b).

64. As a result of the aforesaid acts, ALDI has damaged, and is continuing to damage, MCS.

65. Upon information and belief, as set forth more fully above, ALDI is deliberately and willfully infringing the Patents-in-Suit with full knowledge of the Patents-in-Suit, rendering this case "exceptional" under 35 U.S.C. § 285.

66. MCS has suffered monetary damages as a result of the infringing actions of ALDI with respect to the Patents-in-Suit.

67. As set forth above, MCS has suffered and continues to suffer irreparable harm as set forth above, for which there may be no adequate remedy at law, unless enjoined by this Court.

68. Upon information and belief, ALDI will continue to infringe the Patents-in-Suit unless enjoined by the Court.

## COUNT III

### CONTRIBUTORY INFRINGEMENT OF THE PATENTS-IN-SUIT

69. Plaintiff hereby incorporates by reference all of the paragraphs of this Complaint as though fully set forth herein at length.

70. ALDI has contributed, and continues to contribute, to the direct infringement of the Patents-in-Suit by its customers by, among other activities, offering to sell or by selling within the United States the Infringing Product, knowing that the Infringing Product to be

especially made or especially adapted for use in infringing the Patents-in-Suit when assembled and/or used.

71. The Infringing Product, including its components, are not staple articles or commodities of commerce suitable for substantial noninfringing use. The Infringing Product, and components thereof, have no substantial noninfringing uses because they cannot be used, in any practical sense, for purposes other than causing and/or contributing to the infringement of the Patents-in-Suit.

72. By engaging in and continuing the aforesaid acts, ALDI has the specific intent to contribute to the infringement of the Patents-in-Suit and is therefore liable under 35 U.S.C. §271(c).

73. As a result of the aforesaid acts, ALDI has damaged, and is continuing to damage, MCS.

74. Upon information and belief, as set forth above, ALDI is deliberately and willfully infringing the Patents-in-Suit with full knowledge of the Patents-in-Suit, rendering this case "exceptional" under 35 U.S.C. § 285.

75. MCS has suffered monetary damages as a result of the infringing actions of ALDI with respect to the Patents-in-Suit.

76. As set forth above, MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

77. Further, ALDI has eroded the market price of the Patents-in-Suit.

78. Upon information and belief, ALDI will continue to infringe the Patents-in-Suit unless enjoined by the Court.

## V. PRAYER FOR RELIEF

As a result of and in light of the foregoing, MCS respectfully requests that the Court find in its favor and against ALDI, and that the Court grant MCS the following relief:

a) A judgment in favor of MCS that ALDI has directly infringed the Patents-in-Suit, and/or that ALDI has indirectly infringed the Patents-in-Suit by way of inducing and/or contributing to the direct infringement by its customers;

b) A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining ALDI and its officers, directors, agents, affiliates, employees, installers, branches, subsidiary and parent entities, and all others acting in active concert therewith, from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

c) An award to MCS of damages adequate to compensate MCS for ALDI's acts of infringement, together with pre-judgment and post-judgment interest thereon;

d) A declaration by this Court that this is an exceptional case and including an award to MCS of their reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e) Any and all further relief that this Court deems just and proper.

## VI. JURY DEMAND

MCS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

                                      Respectfully submitted,

                                      **BOCHETTO& LENTZ, P.C.**

Date: July 31, 2017        By:     */s/ Gavin P. Lentz*

                                      Gavin P. Lentz, Esquire, (Pa. 53609)
                                      Anton Kaminsky, Esquire, (Pa. 322660)
                                      **BOCHETTO & LENTZ, P.C.**
                                      1524 Locust Street
                                      Philadelphia, PA 19102
                                      (215) 735-3900
                                      glentz@bochettoandlentz.com
                                      akaminsky@bochettoandlentz.com
                                      *Attorneys for Plaintiff*